UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHAN BILL WIGGS,

        Plaintiff,

    v.

ADAM CLARNO, et al.,

        Defendants.

CASE NO. 3:18-cv-05815-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: November 30, 2018

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Nathan Bill Wiggs, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on October 9, 2018. Dkt. 1.

**I.    Background**

Plaintiff filed this Complaint, alleging he suffers from sleep apnea, a condition that causes Plaintiff to temporarily stop breathing while he sleeps. Dkt. 7. He alleges he had been prescribed a continuous positive air pressure ("CPAP") machine to address his sleep apnea before being incarcerated, and that he was allowed to continue using that CPAP machine during pretrial detention. *Id*. However, the CPAP machine was confiscated when Plaintiff was

transferred to the Department of Corrections' custody on October 27, 2017. *Id*. at p. 17. He alleges he spoke with several Defendants at his new housing facility, who worked as medical staff, and informed them of his sleep apnea. *Id*. at pp. 19-24. Defendants stated they would attempt to provide him either with a new CPAP machine or with his personal CPAP machine that had been confiscated, but no Defendant ever provided him with the CPAP machine. *See* Dkt. 7. He also alleges his family attempted to mail his personal CPAP machine to him, but Defendants refused to accept the machine and returned the mail. *Id*.

After allegedly being continuously denied a CPAP machine to address Plaintiff's sleep apnea, Plaintiff met with Defendant Shane Rirte on April 3, 2018. Dkt. 7, p. 57. After speaking with Plaintiff, Defendant Rirte allegedly presented Plaintiff's sleep apnea case to the Care Review Committee ("CRC"). *Id*. at pp. 58-59. Plaintiff was then informed by Defendant "T. Carlson" that the CRC had ordered a referral to an outside pulmonologist. *Id*. at p. 59. Plaintiff ultimately visited Defendant Dr. Nelson Yu on July 9, 2018. Dkt. 7, p. 59. Pursuant to that visit and a subsequent sleep study, Defendant Yu prescribed Plaintiff a CPAP machine. *Id*. at p. 62. With this prescription and the sleep study, Plaintiff was finally able to receive a CPAP machine on September 21, 2018. *Id*. at p. 63. He seeks monetary damages totaling $7,000,000.

**II.     Standard of Review**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

1  who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,
2  152 F.3d 1193 (9th Cir. 1998).
3       In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he
4  suffered a violation of rights protected by the Constitution or created by federal statute, and (2)
5  the violation was proximately caused by a person acting under color of state law. *See Crumpton*
6  *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to
7  identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271
8  (1994).

9  **III.   Discussion**

10       Plaintiff includes Dr. Nelson Yu, Shane Rirte, and "T. Carlson" as Defendants in this
11  action. However, Plaintiff has not alleged any of those Defendants did anything to deprive
12  Plaintiff of his constitutional rights. Plaintiff's sole allegation against Defendant Rirte is that
13  Defendant Rirte was the first person to present Plaintiff's sleep apnea case to the CRC. Dkt. 7, p.
14  57. Similarly, his allegation against Defendant Carlson reads in its entirety: "On April 4, 2018, I
15  was notified by T. Carlson, Patient Services Representative, that the care review committee
16  approved a referral for a polysomnography sleep study . . . for the proposed intervention was
17  determined to be <u>medically necessary</u>." *Id.*, p. 59 (emphasis in original). Finally, Plaintiff's
18  allegations against Defendant Yu state Defendant Yu met with Plaintiff regarding his sleep apnea
19  and scheduled a sleep study. *Id.*, pp. 59-60. Based on the results of the sleep study, Defendant Yu
20  determined a CPAP machine was medically necessary and issued a prescription for the CPAP
21  machine. *Id.* at pp. 61-62. It was this prescription and the sleep study itself that ultimately
22  convinced the CRC to provide Plaintiff with a CPAP machine. *Id.* at pp. 62-63.
23
24

1  Thus, taking Plaintiff's allegations as true, Plaintiff has not alleged that Defendants Rirte,

2  Carlson, or Yu infringed on Plaintiff's constitutional rights. To the contrary, Plaintiff's

3  allegations indicate it was the actions of Defendant Rirte, Carlson, and Yu that ultimately

4  resulted in providing Plaintiff the CPAP machine he allegedly required. Further, amendment of

5  the claims against these Defendants would be futile because, even reading Plaintiff's allegations

6  liberally, Plaintiff has alleged these Defendants helped him *remedy* an alleged constitutional

7  violation, not that they *infringed* on his constitutional rights. Therefore, Plaintiff has failed to

8  state a claim against Defendants Rirte, Carlson, and Yu. Accordingly, the Court recommends

9  Defendants Rirte, Carlson, and Yu be dismissed from this case.

**IV.    Conclusion**

Based on the foregoing, the Court concludes Plaintiff has failed to state a claim against Defendants Rirte, Carlson, and Yu. Accordingly, the Court recommends Defendants Rirte, Carlson, and Yu be dismissed from this case. The case should proceed against Plaintiff's remaining defendants.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
2 | November 30, 2018, as noted in the caption.
3 |
4 |     Dated this 9th day of November, 2018.

*[signature]*

David W. Christel
United States Magistrate Judge