UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHAN BILL WIGGS,<br><br>              Plaintiff,<br><br>   v.<br><br>ADAM CLARNO,<br><br>              Defendant. | CASE NO. 3:18-cv-05815-RJB-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: February 1, 2019 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Pending before the Court is Plaintiff Nathan Bill Wiggs' Motion for Default ("Motion"). Dkt. 24.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Likewise, under Local Rule 55(a), upon motion by a party supported by an affidavit, "the clerk shall enter the default of any party against whom a judgment for affirmative relief is sought but has failed to plead or otherwise defend."

1    Here, Plaintiff first requests the Court enter default judgment against Plaintiff's John and
2 Jane Doe Defendants for failure to timely enter a waiver of service. Dkt. 17. As to Plaintiff's
3 John and Jane Doe Defendants, plaintiff has failed to show default judgment as to unidentified
4 and unserved individuals is proper. *See Hupp v. San Diego County Dist. Atty.*, 2012 WL
5 2887229, at *2 (S.D. Cal. July 12, 2012) (noting a default may be void if there are defects in the
6 service process). Accordingly, the Court recommends Plaintiff's Motion (Dkt. 24) be denied as
7 to his John and Jane Doe Defendants.

8    Plaintiff also requests default judgment against Defendant Kairos. However, the Court
9 finds that Plaintiff has not provided proof that Defendant Kairos has been served and Defendant
10 Kairos has not entered a waiver of service or otherwise provided any indication she is on notice
11 she is a defendant in this case. *See* Dkt. Thus, it is unclear whether Defendant Kairos was
12 properly served the Complaint, and the Court has directed the Clerk to re-send the Complaint to
13 Defendant Kairos. Entering default judgment against a party that has not yet been properly
14 served is improper. *Hupp*, 2012 WL 2887229, at *2. Thus, the Court recommends plaintiff's
15 Motion (Dkt. 24) be denied as to Defendant Kairos with leave to refile.

16    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
17 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
18 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
19 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
20
21
22
23
24

imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on February 1, 2019, as noted in the caption.

Dated this 16th day of January, 2019.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3