UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHAN BILL WIGGS,

    Plaintiff,

v.

ADAM CLARNO, et al.,

    Defendants.

CASE NO. 3:18-CV-05815-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: April 12, 2019

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. On February 25, 2019, Plaintiff Nathan Bill Wiggs filed a Motion for Default Judgment of Defendant(s). Dkt. 39. Plaintiff requests the Court enter default judgment against Defendants because one Defendant, Cece Kairos, has not answered the Complaint. *Id*. As Defendant Kairos has timely filed an Answer, the Court recommends the Motion (Dkt. 39) be denied.

**DISCUSSION**

Federal Rule of Civil Procedure 55, which governs the entry of default, gives a plaintiff the ability to move for default judgment if a defendant fails to plead or otherwise defend in a

1  civil action. Fed. R. Civ. P. 55.  The Federal Rules of Civil Procedure provide that a defendant

2  who waives service is required to answer within sixty days after the date on which the request for

3  a waiver is sent.  Fed. R. Civ. P. 4(d)(3).

4       On January 16, 2019, the Court directed the Clerk to send a copy of the Complaint and a

5  Waiver of Service of Summons form ("Waiver") to Defendant Kairos. Dkt. 27.  The docket

6  reflects the Clerk's Office mailed a service packet to Defendant Kairos on January 17, 2019. The

7  Court instructed Defendant Kairos to return the Waiver within 30 days; if Defendant Kairos

8  returned the Waiver, she would have 60 days from the date the Waiver was mailed to file an

9  answer or other responsive pleading. Dkt. 27, 42. Therefore, the Waiver should have been filed

10 on or before February 18, 2019, and an answer filed on or before March 18, 2019. *See* Fed. R.

11 Civ. P. 6(a)(C) (the 30 days to file the signed Waiver expired on Saturday, February 16, 2019;

12 thus, the Waiver was due the following Monday, February 18, 2019).

13      Defendant Kairos filed the signed Waiver on March 1, 2019, and an Answer to the

14 Complaint on March 7, 2019. Dkt. 42, 44. While Defendant Kairos did not return the Waiver

15 within 30 days, as directed by the Court, Defendant Kairos did return the signed Waiver and filed

16 her Answer within the time period stated on the Waiver. *See* Dkt. 42, 44. Accordingly, the Court

17 finds Defendant Kairos has not failed plead or otherwise defend this action. *See Rodella v.*

18 *Jackson*, 2011 WL 587887, at *2 (E.D. Cal., Feb. 8, 2011) (finding default judgment not

19 appropriate when the defendants filed a motion to dismiss within 60 days of the date the waiver

20 of service was mailed).

21 **CONCLUSION**

22      As Defendant Kairos filed a timely Answer, the Court recommends Plaintiff's Motion

23 (Dkt. 39) be denied.

24

1   Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen
2   (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure
3   to file objections will result in a waiver of those objections for purposes of de novo review by the
4   district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R.
5   Civ. P. 72(b), the clerk is directed to set the matter for consideration on, April 12, 2019 as noted in
6   the caption.

7   Dated this 27th day of March, 2019.

_____
David W. Christel
United States Magistrate Judge