UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHAN BILL WIGGS,

Plaintiff,

v.

ADAM CLARNO, et al.,

Defendants.

CASE NO. 3:18-CV-05815-RJB-DWC

ORDER DENYING MOTION FOR
COURT-APPOINTED COUNSEL

The District Court referred this 42 U.S.C. § 1983 action to United States Magistrate

Judge David W. Christel. On April 1, 2019, Plaintiff Nathan Bill Wiggs filed a Motion for

Appointment of Counsel. Dkt. 50.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v.*

*Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S.*

*Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

discretionary, not mandatory"). However, in "exceptional circumstances," a district court may

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

grounds, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In Plaintiff's Motion, he states he is unable to afford an attorney and his imprisonment greatly limits his ability to litigate this case. Dkt. 50. Plaintiff contends he has limited access to legal materials and has limited legal knowledge. *Id*. Plaintiff also states counsel will "better enable" Plaintiff to present his case. *Id*. at p. 2.

At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. For example, Plaintiff clearly articulated his claims in his Complaint and various documents filed with the Court. *See* Dkt. 7, 32, 34, 51, 52. The Court also notes "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). While Plaintiff may be able to better litigate this case with appointed counsel, that fact, alone, does not establish an extraordinary circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331.Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time.

1    Accordingly, Plaintiff's Motion (Dkt. 50) is denied without prejudice.

2    Dated this 11th day of April, 2019.

3

4    _____
     David W. Christel
5    United States Magistrate Judge